FILED & JUDGMENT ENTERED
Steven T. Salata

Aug 24 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

In re:                           )
                                 )   Case No. 11-20090
**LYNDA SULLIVAN,**              )   Chapter 7
                                 )
          Debtor.                )
                                 )

**ORDER DENYING MOTION FOR SANCTIONS**

1.  This matter is before the court on the Motion for Sanctions filed by the United States Bankruptcy Administrator for the Western District of North Carolina.  The Motion seeks sanctions against a debtor's attorney on account of manual changes he made to the Official Form 22A, which was prepared by him and filed as part of the debtor's bankruptcy petition.  The court finds that the Motion is without merit and should be denied.

    2.    This is a voluntary Chapter 7 case filed May 10, 2011. As part of the petition, the debtor filed Official Form 22A – Chapter 7 Statement of Current Monthly income and Means-Test Calculation.  The form was prepared by the debtor's attorney and contains the calculation by which it is determined if a "presumption of abuse" would arise by the debtor's filing a Chapter 7 petition.  On the Official Form 22A filed here, the debtor's attorney "whited out" the computer-generated indication that a presumption of abuse arose and manually marked the indication that a presumption of abuse did not arise.  The attorney also altered the computer-generated data on several other lines, consistent with the conclusion of no presumption of abuse.

    3.    On June 28, 2011, the Bankruptcy Administrator filed the Motion for Sanctions which alleged that the Official Form 22A had been "fraudulently altered prior to filing" and that the purpose was to "fraudulently mislead the Court and other parties in interest . . . ."  The Administrator had originally filed a Motion for Order for Show Cause Hearing on June 24, 2011, but withdrew that motion at the time the Motion for Sanctions was filed.

    4.    On June 29, 2011, the debtor's attorney filed an amended Official Form 22A, which corrected the Official Form 22A originally filed with the petition.  Consistent with the

2

original form, the corrected Official Form 22A indicates that a presumption of abuse does not arise in this case.

5.  On July 29, 2011, the debtor's attorney filed a Response to Motion for Sanctions, which outlined his explanation of the changes made to the Official Form 22A filed with the petition.

6.  On August 2, 2011, the court conducted a hearing on the Motion for Sanctions at which the debtor's attorney explained his actions:  He met with the debtor and obtained her financial information.  From that information he performed a manual means test calculation that showed no presumption of abuse, so he undertook to prepare a Chapter 7 petition.  In preparing the petition on his computer, he failed to include some of the debtor's expense data.  He did not realize his error at the time, and the computer-generated Official Form 22A indicated that the presumption of abuse arose.  He knew from his original calculation that that was not the case.  Because he was unaware of his data entry error, he thought there must be something wrong with his computer software.  So, he changed the data on the form to be consistent with his original calculations.

7.  When the Bankruptcy Administrator filed the Motion for Order for Show Cause Hearing, the debtor's attorney went back through the petition, discovered his error in failing to include

3

some of the debtor's expense data, and produced another Official Form 22A using the correct data. That form was filed as the amended Official Form 22A and confirms that no presumption of abuse arose from the debtor's Chapter 7 petition.

8. The Bankruptcy Administrator argued that the alteration of the form constituted a fraudulent misleading of the court and parties in interest similar to the situation in In re James, Case No. 09-11264, (Bankr. W.D.N.C. Apr. 1, 2010). In that case, a paralegal in the debtor's attorney's office altered a credit counseling certificate to make it appear that the debtor had timely completed the counseling prior to the filing of the petition.

9. The court finds the Administrator's argument and reliance on the James case wholly without merit. First, there is nothing sacred about the "form." It is simply a form that is prepared by the debtor's attorney as is the rest of the petition. As such, it is the result of information supplied by the debtor and any number of judgments made by the attorney about what data is properly included. Like any other undertaking, it also contains the possibility of errors. The Official Form 22A that was filed here was the attorney's work product and not an "alteration".[1] There was no "misleading"

---

[1] The court reiterates that the debtor's attorney altered the data input into the Official Form 22A and "whited out" the computer-

4

because what the attorney did was clearly disclosed on the form and not hidden in any way. The fact is that there were errors in the data input and the form was not correct. It is also a fact that the form would have not been correct if the attorney had not made the changes he did. In fact, the negative administrative consequences of filing the incorrect computer-generated form would have been significant – e.g., erroneous first meeting notices to all creditors. At least, the form that was filed reached the correct conclusion for the means test, and the mistakes were corrected with the filing of the amended Official Form 22A which confirmed the original conclusion on the means test.

    10. The Administrator's reliance on the James case is misplaced as there is a fundamental difference in the two situations. There, a paralegal in the debtors' attorney's office altered a certificate of credit counseling produced by an independent third-party by erasing the time stamps which indicated that the credit counseling course had been taken after the petition was filed. That was fraud. Here, the attorney simply modified a document that he produced himself prior to

---

generated indication that a presumption of abuse arose and manually marked the indication that a presumption of abuse did not arise. He did not alter the Official Form 22A. The court notes that pursuant to Bankruptcy Rule 9009, forms may be altered "to permit economies in their use," but alterations are appropriate only in rare circumstances. See In re Orrison, 343 B.R. 906, 909 (Bankr. N.D. Ind. 2006)(citations omitted).

5

filing it. That is draftsmanship. He had manually performed the means test calculations, was confident in his conclusion, and was entitled to rely on that judgment in re-drafting the Official Form 22A produced by his computer. While his work contained errors, those amounted to mistakes and not fraud.

11. The court is a bit puzzled that this matter required a motion and a hearing. It seems to the court to be the kind of thing that should be handled by a telephone call. The allegations of "fraud" against the debtor's attorney are serious and seem greatly exaggerated beyond the conduct that occurred here. In that regard, the parties are reminded that the pleading rules require that pleadings be for a proper purpose, that legal conclusions be "warranted," and that factual allegations have or are likely to have "evidentiary support." See Fed. R. Bankr. P. 9011(b)(1) – (3).

12. The court finds and concludes that there was no fraud or other improper action by the debtor or debtor's attorney and no foundation for the allegations of such conduct. Consequently, the Bankruptcy Administrator's Motion for Sanctions must be denied.

It is therefore **ORDERED** that the Motion for Sanctions is denied.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**

6